[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding arises out of a suit filed by Kenneth Polverari, Vincent Pannozzo, Anthony Tucciarone, and Sugar Hollow Park Partnership (hereafter the "plaintiffs") against Sugar Hollow Park, Inc. (hereafter the "defendant") and William T. Peatt, Jr. (hereafter "Peatt"), who is the president and sole stockholder of the defendant. In that suit, the court entered judgment for the plaintiffs on their claim of unjust enrichment and ordered that the defendant and Peatt, individually and severally, pay the sum of two hundred forty-two thousand two hundred thirty-six dollars and thirty-nine ($242,236.39) cents into an account, so that eight distributions could be made according to the court's (Sullivan, J.) decision.
Based upon this judgment, the plaintiffs recorded a certificate of judgment lien on the Danbury Land Records on October 26, 1992. When the defendant and Peatt failed to satisfy the judgment after demand on January 5, 1993, they filed a foreclosure complaint against the defendant, seeking to foreclose that judgment lien which encumbered two parcels owned by the defendant. On March 2, 1993, the defendant filed an answer and three special defenses, arguing that the plaintiffs are guilty of unclean hands, that the amount of the judgment should be reduced by twenty-one thousand one hundred ninety-three dollars and twenty-eight ($21,193.28) cents for the benefit of William F. Peatt, Jr., who is not a party to this action, and that the form of the judgment issued by Judge Sullivan precludes a proceeding to foreclose the judgment lien. Thereafter, the plaintiffs filed a motion for summary judgment, accompanied by, inter alia, the memorandum of law, the affidavit of Anthony Tucciarone, a copy of Judge Sullivan's memorandum of decision, and a certified copy of the judgment lien certificate.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279. "Generally speaking, summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,375. Therefore, summary judgment shall be rendered forthwith "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact CT Page 5973 and that the moving party is entitled to judgment as a matter of law." Practice Book, Sec. 384; Lees v. Middlesex Ins. Co., 219 Conn. 644, 650.
"The party moving for summary judgment `has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law.'" (Citation omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 111. "`However, since litigants ordinarily have a constitutional right to have issues of fact decided by a jury; Ardoline v. Keegan, 140 Conn. 552, 555 . . .; the moving party for summary judgment is held to a strict standard . . .' of demonstrating his entitlement to summary judgment.'" (Citations omitted.) Kakadelis v. DeFabritis,191 Conn. 276, 282. To satisfy this burden, "[t]he movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." State v. Goggin, 208 Conn. 606,616.
The plaintiffs have submitted a certified copy of the judgment lien certificate, which was recorded at Book 1028, page 258 of the Danbury Land Records on October 26, 1992. In addition, they argue that the defendant's first special defense, unclean hands, is barred by the doctrine of res judicata or collateral estoppel. "A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543. "Of course, there is no reason why, in an appropriate case, once the defense of res judicata has been raised the issue may not be resolved by way of summary judgment." (Citation omitted.) Zizka v. Water Pollution Control Authority, 195 Conn. 682,687.
 Claim preclusion, sometimes referred to as res judicata, and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved. . . . [Citation omitted.] `The concepts of issue preclusion and claim preclusion are simply related ideas on a continuum, CT Page 5974 differentiated, perhaps by their breadth, and express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest.'
(Citation omitted.) Scalzo v. Danbury, 224 Conn. 124, 127.
The doctrine of res judicata, or "claim preclusion," provides that a former judgment may serve as an absolute bar to a subsequent action involving claims relating to such cause of action which were actually made or which might have been made. Connecticut Water Co. v. Beausoleil, 204 Conn. 38,43. "Under claim preclusion analysis, a claim — that is, a cause of action — `includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. . . .' [Citations omitted.] Moreover, claim preclusion prevents the pursuit of `any claims relating to the cause of action which were actually made or might have been made.'" (Citation omitted.) Scalzo v. Danbury, supra, 128. "Original claim" has been defined by the Restatement in section 24(1): "[t]he claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement (Second), Judgments, Sec. 24(1). This test measures the preclusive effect of an earlier judgment, and will exclude not only claims which were asserted, but also those which could have been asserted. (Emphasis added.) Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 365.
In the action tried before Judge Sullivan, which resulted in a judgment for the plaintiffs on a claim of unjust enrichment, the defendant, in a counterclaim, alleged that in April of 1988, the plaintiffs filed an agreement entered into between the plaintiffs and the defendant for the sale of certain real property to Sugar Hollow Park Partnership, and a partnership agreement entered into between the parties, on the Danbury Land Records. Therefore, it continues that "[t]he recording of the said agreements has created a cloud on defendant Sugar Hollow Park, Inc.'s title to the premises and has interfered with the defendant's ability to convey the premises." In one of their special defenses in said action, the defendant alleged that the CT Page 5975 plaintiffs were guilty of unclean hands. It necessarily follows that the defendant is barred from claiming that it was damaged when the plaintiffs created a cloud on its property, thereby interfering with its ability to convey the premises.
However, although the defendant is barred from asserting this claim, it is not barred from asserting a claim of unclean hands based upon the recording of certain documents, if that claim relates to the recording of the judgment lien or the defendant's ability to satisfy the judgment. In this proceeding, the defendant alleges, in the first special defense:
 1. The plaintiffs are attempting to foreclose a judgment lien. Previously, the plaintiff's [sic] filed documents in the land records of the City of Danbury which documents have placed a cloud on defendant's title and impaired defendant's ability to sell the premises to generate funds for the payment of the defendant's obligation to the plaintiff's [sic]. Accordingly, the plaintiff's [sic] are seeking an equitable remedy of foreclosure having come into equity with unclean hands and are seeking to obtain title to the defendant's premises by foreclosure while at the same time preventing the defendant from selling it's [sic] property to satisfy the plaintiff's [sic] claim.
This pleading is blunted if not completely overcome by the contract or the affidavit of Anthony Tucciarone. In that document he avers that plaintiffs' attorney sent the defendant a release of attachment which was to be recorded upon the full payment of the judgment and would clear title to the properties. This court is satisfied that the sending of the release complied with Judge Sullivan's orders in the prior judgment, which mandates "`that simultaneously with the receipt of the above payments the plaintiffs shall file on the land records of Danbury whatever releases and/or documents that are necessary to clear title to the parcel relative to the plaintiffs recording in April, 1988 the August 1, 1985 Agreement and the November 13, 1985 Partnership Agreement on said land records." That same affidavit provides that "[t]he only other documents I and the CT Page 5976 other plaintiffs ever recorded in the Danbury Land Records against the defendant corporation prior to our judgment lien are the agreements mentioned on Page 16 of Judge Sullivan's Memorandum of Decision and our Certificate of Attachment recorded pursuant to the prejudgment remedy application granted by the court."
Initially, the moving party has the burden of showing the absence of a genuine issue as to all material facts; however, "`[w]hen a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] Sec. 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant.'" Catz v. Rubenstein, 201 Conn. 39,49, quoting Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12. Nevertheless, if the nonmoving party fails to file opposing affidavits or other documentary evidence, the court may still find that a genuine question of material fact exists. Catz v. Rubenstein, supra. "A party must substantiate his adverse claim by specifically showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Farrell v. Farrell, 182 Conn. 34, 39, citing United Oil Co. v. Urban Redevelopment Commission, supra, 377.
"Since an evidentiary showing is indispensable, general averments will not suffice to show a triable issue of fact. Moreover, mere conclusions are insufficient as is evidence which would be inadmissible upon the trial, such as hearsay." Farrell v. Farrell, supra. "`The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist.' [Citations omitted.] `To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents.'" (Citation omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579.
In the present case, the defendant filed an affidavit of William T. Peatt, Jr. This affidavit does not contain information which shows, or which raises as a question of fact, that the plaintiffs are guilty of unclean hands due to CT Page 5977 their recording of `CERTAIN DOCUMENTS' (emphasis supplied) which have neither been identified nor submitted to the court. The defendant is not able or has not seen fit to set forth any facts which evidence the allegation that the plaintiffs are guilty of unclean hands. The first special defense does not raise a material question of fact.
The defendant's next assault in attempting to overcome the instant motion contends that the plaintiffs are not entitled to judgment as a matter of law because:
 The plaintiffs are seeking to foreclose a judgment lien in the amount of $242,336.39. In its memorandum of decision, the trial court found that the defendants William T. Peatt, Jr. and Sugar Hollow Park, Inc. shall pay the sum of $242,236.39 into an account and that the defendant William T. Peatt Jr. shall receive $21,193.28 from the account.
 The plaintiff in paragraph 3 of the Complaint states:
 On August 29, 1991, judgment was rendered in said action that the plaintiffs recover of the defendant $242,336.39 damages.
 The allegation is incorrect. Accordingly, the appropriate amount of the judgment in favor of the plaintiffs should be reduced.
Although the judgment does not provide that the plaintiffs in the present action are to recover the full amount of the judgment, the judgment does provide that "the defendants, William T. Peatt, Jr. and Sugar Hollow Park, Inc. shall pay the sum of $242,236.39 into an account especially created for purposes of this memorandum" from which a series of disbursements are to be made according to the memorandum of decision, including a disbursement to Peatt in the amount of $21,193.28. Consistent with that judgment, the amount due William Peatt, Jr. does not prevent a foreclosure of the judgment lien, but does affect the distribution from the special account after the account has been funded by the foreclosure of the judgment lien. The defendant's second CT Page 5978 special defense cannot be said to attack the validity of the judgment lien, but seeks to reduce the amount of the judgment. The second special defense neither raises a question of fact, nor provides the defendant with a defense to the foreclosure of the judgment lien.
Finally, the defendant argues, in the memorandum of law and the third special defense, that the plaintiffs are not entitled to judgment as a matter of law because:
 The judgment of the trial court requires the sum of $242,236.39 be paid into an account from which eight distributions as ordered by the trial court shall be made. The form of the judgment as set forth by the trial court precludes a proceeding to foreclose a judgment lien.
After reviewing the subject memorandum of decision (Sullivan, J.), the specific language of the judgment does not prohibit a proceeding to foreclose a judgment lien, nor does the form of that judgment. The court will proceed to enter judgment of foreclosure by sale and, once the property has been sold, will order that the proceeds should be placed into a general account and distributed according to the judgment. The third special defense neither raises a question of fact nor provides the defendant with a valid defense to the foreclosure.
The motion for summary judgment is, accordingly, granted.
Moraghan, J.