JAMES W. LASH, ADMINISTRATOR (ESTATE OF MICHAEL LASH) *v.* AETNA CASUALTY AND SURETY COMPANY ET AL.
(12975)

LAVERY, HEIMAN and SPEAR, Js.

Argued December 6, 1994—decision released January 17, 1995

*David T. Grudberg,* with whom, on the brief, were *Howard A. Jacobs* and *Steven D. Ecker,* for the appellant (plaintiff).

*Philip F. von Kuhn,* for the appellee (named defendant).

*Thomas J. Flanagan,* with whom, on the brief, was *Terence A. Zemetis,* for the appellee (defendant Allstate Insurance Company).

*Ruth Beardsley,* for the appellee (defendant Hartford Casualty Insurance Company).

*Frank J. Forgione,* for the appellee (defendant Liberty Mutual Insurance Company).

PER CURIAM. The plaintiff appeals from the judgment of the trial court that confirmed an arbitration award in favor of the defendant insurers on the plaintiff's underinsured motorist claim. The trial court determined that the arbitrator properly found that the plaintiff was not underinsured pursuant to General Statutes (Rev. to 1993) § 38a-336 (d).[1] The plaintiff concedes that our Supreme Court's decisions in *Covenant Ins. Co.* v. *Coon,* 220 Conn. 30, 594 A.2d 977 (1991), and *American Motorist Ins. Co.* v. *Gould,* 213 Conn. 625, 569 A.2d 1105 (1990), dictate this result. He, nevertheless, invites this court to review his claims that (1) *Coon* and *Gould,* were wrongly decided and (2) § 38a-336 (d), as interpreted by our Supreme Court and applied to this case, violates the equal protection clauses of the United States[2] and Connecticut[3] constitutions.

We cannot address the plaintiff's claims that the *Coon* and *Gould* cases were wrongly decided as we are bound by Supreme Court precedent. See *Somohano* v. *Somohano,* 29 Conn. App. 392, 615 A.2d 181 (1992).

[1] General Statutes (Rev. to 1993) § 38a-336 (d) provides: "For the purposes of this section, an 'underinsured motor vehicle' means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subsection (b) of this section."

[2] The fourteenth amendment to the constitution of the United States provides in pertinent part: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

[3] The constitution of Connecticut, amendment twenty-one, provides in pertinent part: "No person shall be denied the equal protection of the law . . . ."

We decline to review the plaintiff's claim that "[§ 38a-336 (d)], as construed in *Gould* and *Coon*, is unconstitutional . . . ." Even though the equal protection claims presented here were not raised or considered in *Coon* and *Gould,* it is not our function, as an intermediate appellate court, to review whether those decisions render that statute unconstitutional. Whether to overrule a prior Supreme Court decision on grounds not raised in the argument of that case is a matter appropriately reserved for the Supreme Court. See *State* v. *Welch,* 224 Conn. 1, 5–6, 615 A.2d 505 (1992).

The judgment is affirmed.