[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This negligence action was brought by the plaintiff, Catherine Woodruff, on behalf of her minor daughter, Stephanie Woodruff, against the defendant Holy Cross High School. The plaintiff alleges that her daughter struck a bench while sledding down a hill located on the high school's property. The accident allegedly was the result of the defendant's negligence in failing to warn of the dangers of sledding in the area, in failing to cordon off the area, and in allowing minors to sled on the hill when the defendant knew or should have known of the dangerous condition created by the presence of the bench at the base of the hill. In the second count, the plaintiff seeks reimbursement for the medical expenses incurred in the treatment of her daughter's injuries.
By way of a special defense to both counts, the defendant asserts, inter alia, that it is immune from liability on the basis of Connecticut's Recreational Use Immunity Statute, § 52-557g. The defendant has now moved for summary judgment on the CT Page 7112 special defenses asserting the recreational use immunity statute. In support of the motion the defendant submits the affidavit of the principal of Holy Cross High School. The principal swears that at the time of the plaintiff's accident the high school's property was not fenced in, it was open to the public without charge, and that the high school never expelled or prohibited persons from sledding on the property. The principal also asserts that at the time of the accident, many people used the high school's property for sledding. The plaintiff, however, argues that the recreational immunity statute violates article first, section 10 of the Connecticut Constitution.
General Statutes § 52-557g provides as follows:
 (a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
 (b) Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner.
The defendant argues that, based on the documentary evidence submitted, there is no genuine issue of material fact concerning the defendant's immunity under the recreational uses statute, and the defendant is therefore entitled to judgment as a matter of law. Sledding is expressly covered in the statute as a recreational activity. General Statutes § 52-557f(4). The CT Page 7113 addition, the defendant's uncontested affidavit also indicates that the defendant made its property available to the public, without charge or fee, for the purposes of sledding.
 The word "public" in 52-557g(a) does not require that recreational land be made available to all members of the public at all times in order to provide a landowner with immunity from liability. "For an area to be `open to public use' it does not have to be open to `everybody all the time.'"
See Scrapchansky v. Plainfield, 226 Conn. 446, 452,627 A.2d 1329 (1993).
The plaintiff concedes that the she "has lost all right of recovery on her common-law cause of action [against the defendant] due to the recreational immunity statutes." (Plaintiff's Memorandum in Opposition to Summary Judgment, p. 3.) The plaintiff, however, argues that General Statutes § 52-557
violates article first, section 10 of the Connecticut Constitution.
The plaintiff relies on Gentile v. Altermatt, 169 Conn. 267,363 A.2d 1 (1975) in support of her argument. The court inGentile noted that
 article first, § 10, recognized all existing rights and removed from the power of the legislature the authority to abolish those rights in their entirety. Rather, the legislature retains the power to provide reasonable alternatives to the enforcement of such rights. Where such reasonable alternatives are created, the legislature may then restrict or abolish the incorporated common-law or statutory rights.
Id., 286. In determining whether reasonable alternatives exist, the court noted that
 for each remedy or item of damage existing under the prior fault system, it is not required that item be duplicated under the act [removing or modifying the common-law remedy] but that the bulk of remedies under the act be of such significance that a court is justified in viewing this legislation on the whole as a substitute, the benefits from which are sufficient CT Page 7114 to tolerate the removal of the prior cause of action.
Id., 293. The plaintiff argues that there are no benefits afforded to the plaintiff by operation of General Statutes § 52-557g, for the opportunity to use private land for recreational activities and that such a benefit does not satisfy the mandates article first, section 10.
This argument, however, was rejected in Genco v.Connecticut Light Power Co., 7 Conn. App. 164, 173-74,508 A.2d 58 (1986). In considering whether General Statutes § 52-557
violated article first, section 10, the appellate court held that
 [i]f viewed as a limitation on the right to redress for an injury caused by negligence or nuisance, the restricted liability of landowners would stand contrary to the mandate of article first, 10, and thus must fall. Gentile v. Altermatt, [supra, 169 Conn. 267]. This statutory scheme, however, "does not restrict the right to redress for an actionable injury but, rather, redefines the injury or the class of persons injured to which this constitutional right of redress attaches. . . . Thus, the right of redress for injury is constitutional in its nature but the nature of a specific injury is a right derived from the common law or statute." Id., 284-85. A statute limiting the liability of owners who provide the public with park area for outdoor recreational purposes is a reasonable exercise of legislative power, and it does not violate the constitutional provision that the courts shall be open to every person for redress of any injury. Abdin v. Fischer, 374 So.2d 1379 (Fla. 1979).
Genco v. Connecticut Light Power Co., supra, 7 Conn. App. 173-74. This court is required to follow the appellate court. SeeMontes v. Hartford Hospital, 26 Conn. Sup. 441, 442-43,226 A.2d 798 (1966) ("The opinions of the Supreme [and Appellate] Court[s] of Connecticut are binding upon the Superior Court. . . . Until [a binding decision] is reversed, changed or modified by the Supreme Court, this court must follow it.").
Accordingly, since the plaintiff failed to offer any evidence demonstrating a genuine issue of material fact with CT Page 7115 respect to the application of the recreational use statute to the facts of this case, the defendant's motion for summary judgment should be and is granted.
McDONALD, J.