[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #119
The plaintiffs, John Burgarella, Jr., John Burgarella, Sr., CT Page 889 and Judy Burgarella, filed a four-count second revised complaint against the defendants, Our Lady of Victory Corporation (Church) and City Point Construction Co., Inc. In the first count the plaintiff John Burgarella, Jr. alleges negligence against the Church. John Burgarella, Jr.'s parents, John Burgarella, Sr. and Judy Burgarella, allege bystander emotional distress against the Church in the third count. In the second and fourth counts, the plaintiffs allege causes of action against City Point.[1]
The defendant Church did not file an amended answer in response to the plaintiffs' second revised complaint. The defendant, however, previously had filed an answer on August 28, 1995. In that answer, the defendant asserted special defenses, including immunity from liability, pursuant to Connecticut's Recreational Use Statute, General Statutes § 52-557g.[2]
Practice Book § 177 provides that "[i]f the adverse party fails to plead further, pleadings already filed by him shall be regarded as applicable so far as possible to the amended pleading." Practice Book § 177. Bank of Boston Conn. v.Southbury Hotel Assoc., Superior Court, judicial district of Stamford-Norwalk at Waterbury, Docket No. 111813 (July 18, 1994, Pellegrino, J.).
On November 21, 1995, the defendant filed a motion for summary judgment on the first and third counts of the plaintiffs' second revised complaint. The defendant also filed a memorandum of law and the affidavit of Reverend Mark Suslenko, pastor of the Church.
Subsequently, the plaintiffs filed a memorandum of law in opposition and included the affidavit of John Burgarella, Sr. In response the defendant filed a reply memorandum in support of its motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding . . . the trial court must view the evidence in the light most favorable to the nonmoving party. . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. . . . CT Page 890 (Alterations in original; citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202.
The defendant argues that General Statutes § 52-557f et seq.[3] provides the defendant with immunity from liability, and there is no genuine issue as to any material fact.
In opposition, the plaintiffs argue that "for the protection of C.G.S. § 52-557f et seq. to apply the court must first determine that the primary, if not exclusive, use of the land is for recreational purposes. . . ."
In reply, the defendants argue that the plaintiffs' argument is unfounded in law and overlooks Connecticut's guiding principles of statutory construction.
"General Statutes § 52-557g provides that an injury caused by negligence or nuisance on land provided for public recreational use is not an actionable injury." Conway v. Wilton,39 Conn. App. 280, 285. "[T]o come within the purview of General Statutes § 52-557g(a), the defendant must establish that it is an owner of land available to the public without charge for recreational purposes." Genco v. Connecticut Light Power Co.,7 Conn. App. 164, 168.
"[T]he clear purpose of § 52-557g is an attempt to satisfy the public's need for recreational and open space by encouraging private land owners, through limiting their liability, to open their land to public use." Genco v.Connecticut Light Power Co., supra, 168-69. General Statutes § 52-557h, however, provides "two exceptions to immunity from liability under this statute: (1) if a fee is charged for the use of the land; (2) if the landowner wilfully or maliciously fails to warn against a dangerous condition. . . . [Further, i]t is well settled that a court cannot read additional exceptions into a statute where the legislature has neglected or chosen not to do so." Conway v. Wilton, supra, 39 Conn. App. 286.
This case is similar to Woodruff v. Holy Cross High School,
Super. Ct., Waterbury, Docket #122923, 14 Conn. L. Rptr. 410, in which the court granted the defendant's motion for summary judgment based on the principal's affidavit when the plaintiff did not offer any evidence demonstrating a genuine issue of material fact with respect to the application of the recreational CT Page 891 use statute to the facts of the case.
In the present case, the plaintiffs allege that on February 22, 1993, John Burgarella, Jr., a six year old boy, went sledding down a hill located on the Church's property while his parents watched. The plaintiffs allege that at the bottom of the hill a rock hard mound of snow and ice had been created by City Point, which was hired by the Church to plow and remove snow from the Church's property. John Burgarella allegedly was injured when the "flying saucer" device he was riding came in contact with the mound of snow and ice, left by City Point, causing his "flying saucer" to become airborne and John Burgarella, Jr. to land on his head in the Church's paved parking area.
In support of its motion, the defendant submitted the affidavit of Reverend Suslenko, pastor of the Church. He attested that the Church "is not fenced in and it was available to the public on February 22, 1993, without charge, for the recreational purpose of snow sledding; . . . [t]hat during the Winter [of] 1993, the property at Our Lady of Victory Church was a popular location for sledding; . . . [and t]hat at no time on February 22, 1993, or at any time prior thereto, did Our Lady of Victory Church ever expel people from snow sledding on its property." The plaintiffs provided neither evidence nor an affidavit denying Reverend Suslenko's affidavit. Therefore, the Church is entitled to the protections afforded by General Statutes § 52-557f et seq. because it is an owner of land available to the public without charge for recreational purposes. Therefore, the court grants the defendant's motion for summary judgment.
Samuel S. Freedman, Judge