[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
By motion dated December 14, 1995, the defendant moves for summary judgment claiming that there is no material fact in dispute and that he is entitled to judgment as a matter of law. Plaintiff filed his memorandum in opposition on January 18, 1996, and argument was heard on January 22, 1996.
"Practice Book Section 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that the moving party is entitled to judgment as a matter of law. (Citations omitted; internal quotation marks omitted.) . . . In deciding a motion for summary judgment, the trial court views the evidence in the CT Page 1414-UU light most favorable to the nonmoving party. (Citations omitted.) The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotations marks omitted.) Conway v. Wilton, 39 Conn. App. 280,283 (1995)
In this matter the undisputed facts viewed in the light most favorable to the plaintiff are the following. The defendant auto rental company, operating under a certificate of self insurance, left one of its vehicles at a service center parking lot for repairs. The vehicle was removed from the lot by an off duty employee of the service center while the service center was closed and without permission or authorization. The vehicle was ultimately involved in an accident caused by the negligence of the employee. The accident resulted in the employee's death and serious injury to the plaintiff passenger. No claim is made that the defendant was negligent in any fashion.
Plaintiff notes that there is no evidence submitted by the defendant proving that the plaintiff passenger was aware of the unauthorized conduct of the employee in removing the vehicle from the lot, and claims that it is the determination of this factual issue regarding plaintiff's awareness that will result in the resolution of the question regarding defendant's liability. Plaintiff claims that he is a "covered person" under defendant's certificate of self insurance and eligible for uninsured motorist coverage pursuant thereto.
The defendant is self insured pursuant to Section 14-129 of the General Statutes and, as such, is required to meet uninsured motorist obligations pursuant to Section 38a-371 of the General Statutes. As defendant notes, Section 38a-336 (a)(1) of the General Statutes provides uninsured motorist coverage "for the protection of persons insured thereunder, who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." Plaintiff concedes in paragraph (5) of its complaint that the employee driver "is not covered by any liability policy or self insurance within the meaning of the Connecticut Uninsured Motorist Act, Connecticut General Statute Section 38a-336." It should also be noted that though the plaintiff may have been unaware of the driver's unauthorized seizure of the defendant's vehicle, there is no question that the plaintiff's "use" of the vehicle was also unauthorized, assuming "use of a vehicle" is given its ordinary meaning [See CT Page 1414-VVAetna Life and Casualty Co. v. Bulaong, 218 Conn. 51, 62-63
(1991)]. What, then, is the legal theory for imposing liability on the defendant for injuries to an unauthorized passenger of its vehicle caused by the tortious conduct of an unauthorized driver who wrongfully seized the vehicle from a service lot? Our Supreme Court provides guidance with respect to this question.
In Pedevillano v. Jose Bryon et al, 231 Conn. 265, 269
(1994), the Supreme Court, in construing Section 14-154a of the General Statutes which deals with liability for damage caused by a rented or leased vehicles, readily disposed of the contention that the statute imposed unlimited liability on a lessor, noting that "[if] the plaintiff were correct, a lessor would be responsible for the tortious misconduct of a thief who stole a vehicle from the lessor's parking lot. Indeed, any automobile dealer, if the dealership engaged in lease as well as in sales transactions, might be liable for tortious misconduct arising out of the theft of any car on its sales lot." This, of course, is precisely the sort of unlimited liability the plaintiff suggests is available in this case. In Pedevillano, the plaintiff sought recovery for personal injuries he sustained in an accident caused by a named defendant's negligent operation of a vehicle owned by a defendant leasing company and leased to a third party. The defendant leasing company was granted summary judgment when the court determined that the defendant driver was not an "authorized driver" under the terms of the lease. Clearly, though no lease is involved, the driver in this matter had no authorization to operate defendant's vehicle. Furthermore, as in Pedevillano, the plaintiff victim is, presumably, innocent of any wrongdoing.
In Connelly v. Deconick, 113 Conn. 237, 240 (1931), the Supreme Court considered the legislative intent behind the statutory precursor to Section 14-154a stating, "[w]e cannot impute to the legislature an intent, so unreasonable and of such doubtful constitutionality, to include a liability of the owner for the tortious acts of one who wrongfully acquires possession of the car from him into whose hands it came by the voluntary act of or under authority from the owner."
Obviously, the theory that liability may be imposed on an owner for the tortious conduct of a thief is not favored by our courts. Common sense dictates that one not be held accountable for matters completely beyond one's control, absent policy CT Page 1414-WW reasons for strict liability. The plaintiff offers no authority supporting the defendant's liability under the circumstances of this case, but simply attempts to distinguish this scenario by relying on its claim that, here, the plaintiff was an innocent party without any knowledge of the driver's wrongdoing. Under such a theory, the owner's liability for the tortious conduct of a thief depends on the awareness of the victim-passenger. If the passenger asks no questions he is insured. There is no rational basis for such a theory.
Viewing the undisputed facts in a light most favorable to the plaintiff's position, the defendant is entitled to judgment as a matter of law.
Defendant's motion for summary judgment is granted.
FASANO, J.