[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this action the plaintiff seeks various types of damages based on numerous legal theories which all stem from the allegation that the defendant failed to pay the plaintiff workers' compensation benefits. The defendant has moved for summary judgment on the grounds that the plaintiff has already fully litigated his entitlement to workers' compensation benefits before the Workers' Compensation Commissioner and that decision, from which the plaintiff took no appeal, bars this action under the related doctrines of res judicata and collateral estoppel.
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v.Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving CT Page 3564 party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978). Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batickv. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995); Conway v. Wilton, 39 Conn. App. 280, 283, 284, ___ A.2d ___ (1995).
The plaintiff claims that on May 27, 1988, he sustained an injury which arose out of and in the course of his employment with the defendant, Incorporated Construction. He brought a claim for workers' compensation benefits in the Sixth District Workers Compensation Commission. The claim was heard in three sessions of formal hearings by Commissioner Darius Spain. After the conclusion of the evidence, Commissioner Spain issued a Finding and Dismissal in which he dismissed the claim. The plaintiff did not appeal from that Decision.
In his Decision Commissioner Spain found that the plaintiff fell into a pit on May 27, 1988 during the course of his employment with the defendant, that the defendant knew about the fall, that the plaintiff told the owner of the defendant corporation that he was not injured, that he did not need medical care and that he missed no time from work. The plaintiff did not file a written notice of claim and sought to come within the medical care exception of Connecticut General Statutes § 31-294.
The Commissioner further found as follows. In February of 1989 the plaintiff undertook treatment for tendinitis of the right shoulder. The plaintiff requested and the employer furnished health insurance claim forms and the plaintiff submitted bills for his treatment of the shoulder to his health insurance carrier. The carrier rejected the claim. The plaintiff requested the employer's assistance in resubmitting the claim. On resubmission the claim was paid by the health insurer. At the time he submitted the health insurance claim the plaintiff did not claim that the expenses were related to a compensable injury. The plaintiff's treating physician and his attorney both advised him that the workers' compensation laws required the filing of written notice within one year of an injury. After May 27, 1989 the plaintiff asked the employer to submit a workers' compensation claim for the May 27, 1988 incident.
The Commissioner rejected the plaintiff's claim for workers' CT Page 3565 compensation benefits with respect to the May 27, 1988 injury because the plaintiff had not filed a timely claim for the injury and because payment of medical expenses by a group health insurer did not bring the claimant within the saving provisions of Section 31-294.
The complaint in this action is based on the allegation that the defendant employer intentionally deceived the plaintiff into believing that he was submitting the plaintiff's medical bills to the workers' compensation carrier, rather than to the health insurance carrier. The plaintiff argues that neither res judicata nor collateral estoppel bar this action because the Commissioner did not address the specific issue of the employer's alleged deception.
"`Claim preclusion, sometimes referred to as res judicata, and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved. State v. Ellis, 197 Conn. 436, 466,497 A.2d 974 (1985).'" Scalzo v. Danbury, 224 Conn. 124, 127, 617 A.2d 440
(1992); Commissioner of Motor Vehicles v. DeMilo Co., 233 Conn. 254,267, ___ A.2d ___ (1995).
The purposes of the doctrine of res judicata have also been identified as follows:
 (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation.
State v. Ellis, supra at 466 (citations omitted).
Under the doctrine of res judicata, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not onlyas to every matter which was offered to sustain the claim, butalso as to any other admissible matter which might have beenoffered for that purpose. "`The rule of claim preclusion prevents reassertion of the same claim even though additional or different evidence or legal theories might be advanced in support of it. In applying the rule of claim preclusion, the critical question is how broad a definition to give to the term `same claim' or `cause CT Page 3566 of action.' The broader the definition, the broader the scope of preclusion.' James Hazard, Civil Procedure (2d Ed.) 11.7, p. 540;[21] see Blonder-Tongue Laboratories, Inc. v. Universityof Illinois Foundation, 402 U.S. 313, 327, 91 S.Ct. 1434,28 L.Ed.2d 788 (1971)." State v. Ellis, 197 Conn. 436, 464,497 A.2d 974 (1985).
Our Supreme Court has adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger the operation of the doctrine of res judicata. The claim that is extinguished by the judgment in the first action includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction or series of connected transaction, out of which the action arose. Delahunty v. Massachusetts Mutual Life Ins. Co.,236 Conn. 582, 590, ___ A.2d ___ (1996); Orselet v. DeMatteo206 Conn. 542 (1988) 539 A.2d 95.
Although the Commissioner's decision does not refer to alleged deception by the employer, the issue of the employer's knowledge that the plaintiff had suffered a work related injury, which is a crucial component of the plaintiff's present claim, was clearly an "admissible matter which might have been offered for the purpose" of establishing the plaintiff's entitlement to workers' compensation benefits. See State v. Ellis, supra. Connecticut General Statutes § 31-294 provides that an employee must make written notice of a claim for workers' compensation benefits within one year from the date of the injury. That statute contains several exceptions. The plaintiff attempted to come within the "medical treatment" exception in the proceedings before the Workers' Compensation Commission. That exception provides: "if within the applicable period an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care as hereafter provided in this section, no want of such notice of claim shall be a bar to the maintenance of proceedings." In the proceedings before the Commissioner the defendant's provision of health insurance forms and assistance with filling out those forms was not found to fall within the foregoing exception.
The defendant has argued, in essence, that by finding that the plaintiff knew he was filling out a health insurance form, and not a workers' compensation form, the Commissioner has decided the precise issue of the present case. However, regardless of whether the Commissioner decided the precise issue, CT Page 3567 the plaintiff's present claim is still barred by the doctrine of res judicata. That claim, that the defendant knew that the medical treatment for which the plaintiff sought reimbursement should have been submitted to the workers' compensation carrier and not the health insurance carrier, was clearly quite germane to his claim before the Commissioner, could have and should have been raised in that proceeding.
The plaintiff is not litigating a new claim in this action. He is merely attempting to raise a new legal theory. This action is barred by the doctrine of res judicata, whose purposes are to promote judicial economy by minimizing repetitive litigation and to provide repose by preventing a person from being harassed by vexatious litigation.
For the foregoing reasons, the Motion for Summary Judgment is granted.
By the court,
Aurigemma, J.