MATTHEW LUCE *v.* CITY OF WEST HAVEN ET AL.
(15144)

Peters, C. J., and Callahan, Borden, Berdon, Norcott, Katz and Palmer, Js.

Argued June 6—officially released August 6, 1996

James O. Gaston, with whom, on the brief, was Nancy A. DeRose, for the appellant (plaintiff).

Timothy F. Woodbridge, for the appellees (defendants).

KATZ, J. The plaintiff, Matthew Luce, brought this action against the defendants, Barbara Barry, director of the West Haven department of parks and recreation (department), and the city of West Haven (city), for personal injuries he allegedly sustained while playing in a softball game. The trial court granted the defendants' motion for summary judgment, ruling that they were immune from liability pursuant to the Connecticut Recreational Land Use Act (act), General Statutes § 52-557f et seq.[1] On appeal, the plaintiff claims that the trial

---

[1] General Statutes § 52-557f provides: "Landowner liability for recreational use of land. Definitions. As used in sections 52-557f to 52-557i, inclusive:

"(1) 'Charge' means the admission price or fee asked in return for invitation or permission to enter or go upon the land;

"(2) 'Land' means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty;

"(3) 'Owner' means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises;

"(4) 'Recreational purpose' includes, but is not limited to, any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, snow skiing, ice skating, sledding, hang gliding, sport parachuting, hot air ballooning and viewing or enjoying historical, archaeological, scenic or scientific sites."

General Statutes § 52-557g provides: "Liability of owner of land available to public for recreation; exceptions. (a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part

court improperly concluded that the fee paid by the softball teams to participate in a softball league run by the defendants was not a "charge" within the meaning of the act, and therefore did not strip them of the immunity otherwise provided by the act.

The facts, as viewed in the light most favorable to the plaintiff; *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 317, 477 A.2d 1005 (1984); are as follows. The plaintiff had been a member of the West Haven Adult Softball Association League (league), a division of the department, when his injury occurred. The league activities were organized and controlled by the department. The plaintiff's softball team paid a $295 league entry fee to the city for the opportunity to participate in league activities. That fee included an unspecified amount from each of the team's players, and was used

thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.

"(b) Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner.

"(c) Unless otherwise agreed in writing, the provisions of subsections (a) and (b) of this section shall be deemed applicable to the duties and liability of an owner of land leased to the state or any subdivision thereof for recreational purposes."

General Statutes § 52-557h provides: "Owner liable, when. Nothing in sections 52-557f to 52-557i, inclusive, limits in any way the liability of any owner of land which otherwise exists: (1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; (2) for injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that, in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for the lease shall not be deemed a charge within the meaning of this section."

for league awards, field maintenance and capital improvements to the fields, including, but not limited to, fencing, as well as for an answering machine and other assets unrelated to the use of the field and the league. Although the teams did not pay an admission price to use the softball fields, without the $295 payment to the league, persons were not permitted access to the softball field during games. The department required the use of photographic identification cards to establish that the requisite moneys had been paid and that each member was eligible to play. Those cards enabled each member to use the fields to participate in games, and to exercise other rights and privileges of the league. The department mandated strict adherence to its softball rules and regulations, and reserved the right to limit and restrict access to fields pursuant to these rules. The department further reserved the authority to revoke the right of the teams to play, to disqualify teams or team members, and to retain the moneys paid by the teams despite any disqualifications or forfeitures of privileges.

Although this appeal raised solely the issues of what constitutes a "fee" and a "charge" within the meaning of the act, in accordance with our decision in *Conway* v. *Wilton*, 238 Conn. 653, 680 A.2d 242 (1996), in which we held that a municipality is not an "owner" within the meaning of the act, the defendants are not entitled to immunity regardless of whether the money paid constituted a "fee" or a "charge" under the act. Id., 680.[2]

---

[2] This appeal was originally argued on October 25, 1995. On December 11, 1995, we granted certification from the Appellate Court in *Conway* v. *Wilton*, 39 Conn. App. 280, 664 A.2d 327 (1995). *Conway* v. *Wilton*, 235 Conn. 934, 667 A.2d 1271 (1995). Because the certified issue in *Conway* involved the act, we ordered that this appeal be reargued, en banc, on the same day as the appeal in *Conway*. We today reaffirm our reasoning and holding in *Conway*.

The judgment of the trial court is reversed and the case is remanded for further proceedings according to law.

In this opinion BORDEN, NORCOTT and PALMER, Js., concurred.

BERDON, J., concurring. I concur that the judgment of the trial court granting the defendants' motion for summary judgment should be reversed based upon this court's decision today in *Conway* v. *Wilton*, 238 Conn. 653, 680 A.2d 242 (1996). Although I was not a member of the panels that decided *Scrapchansky* v. *Plainfield*, 226 Conn. 446, 627 A.2d 1329 (1993), and *Manning* v. *Barenz*, 221 Conn. 256, 603 A.2d 399 (1992), which are reversed by *Conway*, I believe that both cases were wrongly decided. It is clear to me that by enacting the Connecticut Recreational Land Use Act (act); General Statutes § 52-557f et seq.; the legislature sought to encourage private landowners to make their property available to the public for recreational purposes. As the majority in *Conway* observes, municipal property is part of the public domain and as such, members of the public generally have access to use and enjoy such land. Consequently, it is unreasonable to believe that the legislature intended to extend the protective umbrella of the act to municipal property.

PETERS, C. J., with whom CALLAHAN, J., joins, dissenting. In accordance with my dissenting opinion in *Conway* v. *Wilton*, 238 Conn. 653, 680 A.2d 242 (1996), I dissent in this case as well.