[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION FOR SUMMARY JUDGMENT
In this action the plaintiff alleges injuries resulting from a fall on a paved basketball court at a park maintained and operated by the defendant municipality. The defendant raised the recreational immunity statute, C.G.S. § 52-557g, and governmental immunity as special defenses. The defendant first filed its motion for summary judgment on July 9, 1996, relying on the Supreme Court's holding in Manning v. Barenz, 221 Conn. 256
CT Page 793 (1992) that § 52-557g applies to municipalities. Thereafter, and prior to argument of that motion, the Supreme Court releasedConway v. Town of Wilton, 238 Conn. 653 (1996), which overruledManning. On September 5, 1996, the defendants filed a reply memorandum which superseded their prior pre-Conway memorandum.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries. Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
The defendants move for summary judgment on the grounds that 1) Conway should not be applied retroactively, and 2) the doctrine of governmental immunity applies to bar recovery by the plaintiffs.
Addressing the second ground first, the court finds that the applicability doctrine of governmental immunity is a mixed question of fact and law. Gauvin v. New Haven, 187 Conn. 180, 186
(1982); Kolaniak v. Board of Education, 28 Conn. App. 277,279-281 (1992). There exist genuine issues as to material facts as to whether the defendants' acts were ministerial or discretionary. Summary judgment will not enter on this ground.
As to the first ground, the court is not persuaded. Applying the reasoning of Neyland v. Board of Education, 195 Conn. 174
CT Page 794 (1985) and heeding the words of the court in Conway v. Town ofWilton, 238 Conn. 653, 676 (1996), it is clear that Conway
decision applies retroactively.
 Furthermore, as a result of Manning, which misinterpreted the act, some litigants have not had the days in court to which they were entitled, and of which the legislature never intended to deprive them. Leaving the decision in Manning in place would mean that future litigants, including those who might, in reliance on Manning, forgo making otherwise valid claims, will be similarly disadvantaged. Because this state of affairs is the result of our mistake, it is better that we remedy it now.
 Finally, we note that, in the present case, as in most unintentional tort cases, there is no reason to suppose that the defendants planned their conduct with the intention of availing themselves of the benefits of recent law. See O'Connor v. O'Connor, supra, 201 Conn. 645. Under such circumstances, reliance is not a consideration. Furthermore, there is no argument made, nor does the record support the argument, that municipalities decided not to purchase liability insurance in reliance on Manning. We think it unlikely that, in the four years since we decided Manning,
municipalities have ordered their affairs, by structuring either their liability insurance or self-insuring protection, based on an immunity arising only out of the use of free parks or other municipal recreational facilities. We conclude, therefore, for all the aforestated reasons, that Manning was not correctly decided and that, consequently, that decision and its progeny must be overruled.
Conway, 238 Conn. at 676-677.
In Neyland, the court found that case should apply retroactively in part because it was not the creation of a new rule of law. 195 Conn. at 180-181. Referring to the three factor test of Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349,30 L.Ed.2d 296 (1971), cited by the Neyland court, this court finds that the three factors have not been met to have the Conway
case apply only prospectively. 195 Conn. at 179-180. The Conway
court expressly declared Manning to be a misinterpretation of the CT Page 795 law. Consequently, the Conway holding is not a new rule of law. The other two factors cited in Chevron, namely the furtherance of the purpose behind the rule and a weighing of the equities do not warrant a prospective application of Conway. The court's application of Conway to Luce v. West Haven, 238 Conn. 687
(1996), which was initially argued prior to the Conway argument, is further evidence that Conway is to be applied retroactively.
For the above reasons, the motion for summary judgment is denied.
DiPentima, J.