## PETER V. SCALZO ET AL. *v.* CITY OF DANBURY ET AL.
## (14485)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

Argued September 23—decision released December 8, 1992

*Donald A. Mitchell,* for the appellant (named plaintiff).

*Bruce J. Goldstein,* with whom was *Pamela D. Siemon,* for the appellee (defendant).

BERDON, J. The sole issue on appeal is whether the trial court properly rendered a summary judgment in favor of the defendants because the doctrine of res judicata barred the plaintiffs' action for damages for the alleged taking of the named plaintiff's property.[1] We affirm the judgment of the trial court, but on different grounds.[2] The trial court's decision was predicated upon the claim preclusion aspect of res judicata; we rule on the basis of issue preclusion. We hold that the taking issue was fully and fairly litigated, so as to preclude the plaintiff from relitigating the issue of whether the application of the Danbury zoning regulations resulted in a taking of his land.

The undisputed facts may be summarized as follows. The plaintiff, Peter V. Scalzo, owns approximately nineteen acres of land in an industrial zone and approximately six adjacent acres of land in a residential zone in the city of Danbury. The Danbury zoning regulations prohibit the use of residential property for access to industrial property. On or about May 15, 1987, the plaintiff applied to the Danbury zoning board of appeals

[1] Davro Corporation is also a plaintiff but did not appeal from the trial court's judgment. References to the plaintiff are to Peter B. Scalzo.

[2] The plaintiff's brief focuses on claim preclusion because the trial court ruled on that basis. The defendants, however, raised the specter of issue preclusion, putting the plaintiff on notice of its importance in this appeal. Although an appellee should comply with Practice Book § 4013 (a) (1) when seeking judgment on alternative grounds, "this court is authorized to rely upon alternative grounds supported by the record to sustain a judgment." *Henderson* v. *Department of Motor Vehicles,* 202 Conn. 453, 461, 521 A.2d 1040 (1987); C. Tait, Connecticut Appellate Practice and Procedure (1989) § 7.14. Because the elements of collateral estoppel, or issue preclusion, are met in this case, we need not reach the plaintiff's res judicata, or claim preclusion, arguments.

for a variance to allow him access to the industrial land through the residential land. The board denied the variance application and the plaintiff appealed the denial to the Superior Court (variance appeal). On August 19, 1987, the plaintiff applied to the Danbury zoning commission for an amendment to the zoning regulations that would have permitted access to industrial land through residential land. The amendment application was denied and the plaintiff appealed the denial to the Superior Court (amendment appeal).

In both appeals, the plaintiff argued that the zoning authorities acted illegally, arbitrarily, and in abuse of their discretion because the denials constituted an unreasonable taking of the plaintiff's property. The plaintiff alleged that by denying his variance and amendment applications, the zoning board of appeals and the zoning commission prohibited access to his property and denied him all reasonable beneficial economic use of the property. The trial court, *Stodolink, J.,* dismissed both appeals and noted in separate decisions that the "plaintiff has not demonstrated that there is no reasonable and proper use for his land. [He] may still be able to rezone his land to a single-family, half-acre zone . . . and make a profit on the land." The court found that neither the denial of the variance application nor the denial of the amendment application resulted in an unconstitutional taking. The plaintiff appealed both the variance and the amendment decisions to the Appellate Court, but the appeals were dismissed as untimely.

While the variance and amendment appeals were pending before the Superior Court, the plaintiff commenced the present action against the defendants[3]

---

[3] The action was instituted against the city of Danbury, the zoning commission of the city of Danbury and its individual members, and the Danbury zoning board of appeals and its individual members. The plaintiff subsequently withdrew the action against the individual members of both zoning authorities.

seeking damages for the alleged taking of his property under article first, § 11, of the Connecticut constitution.[4] After the variance and amendment appeals were dismissed, the defendants filed a special defense alleging that "[t]he rights and liability of the parties . . . were expressly put in issue and determined and adjudicated by the judgments in two prior actions . . . ." The trial court, *Pickett, J.*, granted the motion for summary judgment in favor of the named defendant et al. because "the plaintiff's claim of an unconstitutional taking of property was fully and fairly litigated in the previous administrative appeals." Therefore, the court concluded, claim preclusion prevented the plaintiff from bringing a cause of action for an unconstitutional taking. The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

Claim preclusion, sometimes referred to as res judicata, and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved. *State* v. *Ellis,* 197 Conn. 436, 466, 497 A.2d 974 (1985). "The concepts of issue preclusion and claim preclusion are simply related ideas on a continuum, differentiated, perhaps by their breadth, and express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." (Internal quotation marks omitted.) Id., 464–65.

The subtle difference between claim preclusion and issue preclusion has been so described: " '[C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . .

---

[4] Article first, § 11, of the Connecticut constitution provides: "The property of no person shall be taken for public use, without just compensation therefor."

[I]ssue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit.' " *Virgo* v. *Lyons,* 209 Conn. 497, 501, 551 A.2d 1243 (1988), quoting *Gionfriddo* v. *Gartenhaus Cafe,* 15 Conn. App. 392, 401–402, 546 A.2d 284 (1988), aff'd, 211 Conn. 67, 557 A.2d 540 (1989). Under claim preclusion analysis, a claim—that is, a cause of action— " 'includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. . . .' " *Duhaime* v. *American Reserve Life Ins. Co.,* 200 Conn. 360, 364–65, 511 A.2d 333 (1986), quoting 1 Restatement (Second), Judgments § 24 (1) (1982). Moreover, claim preclusion prevents the pursuit of "any claims relating to the cause of action which were actually made or might have been made." *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973).

In contrast, " 'issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action . . . .' " *Carothers* v. *Capozziello,* 215 Conn. 82, 94–95, 574 A.2d 1268 (1990), quoting *In re Juvenile Appeal (83-DE),* 190 Conn. 310, 316, 460 A.2d 1277 (1983). Because we find that the elements of issue preclusion were met in the present case, we decline to reach the merits of the defendant's claim preclusion argument.

Issue preclusion applies if "an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment . . . ." 1 Restatement (Second), Judgments § 27 (1982). An issue is "actually litigated" if it is properly raised in the pleadings, submitted for determination, and in fact determined. Id., § 27, comment d. If an issue has been determined, but the judgment is not

dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually "have the characteristics of dicta."[5] Id., § 27, comment h.

The plaintiff conceded during oral argument that the taking issue had been litigated and determined by a valid and final judgment. The plaintiff argues, instead, that the ruling on the taking issue was not *essential* to the judgment made by the court. According to the plaintiff, once the court found a basis for upholding the action of the board, it needed to inquire no further. As a result, the plaintiff insists, the ruling on the taking issue was not essential to the judgment, and the elements of issue preclusion are not satisfied.

In order to determine whether the taking decision was essential to the judgment in this case, we must first examine the proper role of the trial court and evaluate its actions in this case. A trial court, in reviewing the action of a zoning authority, must determine whether the authority acted illegally, arbitrarily or in abuse of its discretion. *Frito-Lay, Inc.* v. *Planning & Zoning Commission*, 206 Conn. 554, 573, 538 A.2d 1039 (1988). Generally, a zoning authority's decision "should be sustained if even one of the stated reasons is sufficient to support it." Id., 576.

---

[5] There is a strong basis for the rationale behind the rule that an issue must be essential to the judgment before it can be barred by collateral estoppel. In *Halpern* v. *Schwartz*, 426 F.2d 102, 105 (2d Cir. 1970), the court gave two reasons why an issue must be essential to the judgment before collateral estoppel applies: "First, the decision on an issue not essential to the prior judgment may not have been afforded the careful deliberation and analysis normally applied to essential issues, since a different disposition of the inessential issue would not affect the judgment. . . . Second, the decision on an inessential issue in the prior judgment was not subject to the important safeguard as to its correctness, to wit: a contested review on appeal." (Citation omitted.) See also 1 Restatement (Second), Judgments § 27 (1982).

In this case, the zoning commission had denied the plaintiff's petition to amend the regulations for two reasons: "(1) because of the potential negative impacts on residential neighborhoods; and (2) because someone with a hardship has an opportunity to appeal to the Zoning Board of Appeals." The trial court concluded that "the Commission did not act arbitrarily, illegally or in abuse of its discretion in denying [the] plaintiff's petition because the potential negative impacts on residential neighborhoods are reasonably supported by the record." As to the second stated reason for the commission's action, the trial court concluded that "[e]ven if the Commission may not base its denial on the existence of [the] plaintiff's right to appeal the [zoning board of appeal's] decision, the court should nevertheless dismiss the appeal because the denial is supported by the Commission's other stated reason, i.e., the negative impact on the neighborhood." The plaintiff further argued that the commission acted illegally, arbitrarily and in abuse of its discretion because: (1) the denial constituted an unreasonable taking of the plaintiff's property; and (2) the denial controverted the concept of a comprehensive plan in violation of General Statutes § 8-2. The trial court rejected these arguments.

Similarly, the zoning board of appeals had denied the plaintiff's application for a variance, stating that "(1) [i]t will impair the health, safety, and welfare of the neighborhood; and (2) [t]here is no hardship for the use of the property." The trial court found evidence to support the board's first stated reason for denying the variance. As to the second reason, the trial court found that the board *had* acted illegally, arbitrarily and in abuse of its discretion in finding that there was no hardship for the use of the property. Nevertheless, the trial court sustained the board's action because the first stated reason for denying the variance was supported by the record. Again, the court addressed the plain-

tiff's additional argument that application of the zoning regulations had resulted in a taking of his land, and again the court ruled that no taking had occurred.

The decisive question in this appeal, then, is whether the trial court was required to reach the taking issue in the variance and amendment appeals after it found evidence to support at least one stated reason for the zoning authorities' actions. If it was not necessary for the trial court to reach the taking issue, then the taking ruling was not essential to the judgment and is not barred by issue preclusion. We conclude that the ruling on the taking issue was both necessary and essential to the judgment because a finding that a taking had occurred would have required the trial court to sustain the appeals.[6]

In *Bartlett* v. *Zoning Commission,* 161 Conn. 24, 282 A.2d 907 (1971), the plaintiff argued that the zoning commission's amendment of its regulations to protect tidal wetlands resulted in a taking of his land. Although the defendant's efforts to preserve wetlands were found to be laudable, this court upheld the trial court's decision to sustain the appeal because the application of the regulations was so unreasonable and confiscatory that it amounted to an unconstitutional taking. Id., 30–31. Likewise, in *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 197 A.2d 770 (1964), the zoning commission amended its regulations to change a residential zone into a flood plain district. The plaintiff appealed to the Superior Court, claiming that the

---

[6] The plaintiff argues that following the United States Supreme Court's decision in *First English Evangelical Lutheran Church* v. *County of Los Angeles,* 482 U.S. 304, 107 S. Ct. 2378, 96 L. Ed. 2d 250 (1987), the taking issue was immaterial to the judgment because even if the court found a taking, that finding would not be enough to find that the board and the commission had acted illegally. The only issue before the court in *First English* was whether one could recover damages for the temporary taking of one's land; therefore, the holding in *First English* is inapposite to the merits of the present case.

application of the amended regulations resulted in a taking of his land. The trial court dismissed the appeal. This court reversed and ordered that the appeal be sustained, holding that the regulations, as applied to the plaintiff's property, were unreasonable and confiscatory, and thus unconstitutional. Id., 314.

In *Chevron Oil Co.* v. *Zoning Board of Appeals,* 170 Conn. 146, 365 A.2d 387 (1976), the trial court directed the zoning board to grant the plaintiff's variance because the board's reasons for denying the variance were not supported by the record. This court affirmed the trial court's decision, noting that "[g]enerally, when the court finds the action of an administrative agency to be illegal, it should go no further than to sustain the appeal. . . . Since the trial court found that the application of the setback regulation to the subject property would be tantamount to confiscation, it necessarily follows that the only reasonable action for the board to have taken would have been to grant the variance. Under those circumstances, the court properly directed that the variance be granted." (Citations omitted; internal quotation marks omitted.) Id., 153.

Applying the logic of these cases, the trial court's decision on the taking issue was essential to its judgment. If the court had found that an unconstitutional taking had occurred, the court would have been required to sustain the appeals, whether or not the zoning authorities' actions were supported by evidence that increased traffic flow would impair the health, safety and welfare of the community. We conclude that the elements of issue preclusion have been met.[7]

---

[7] If the plaintiff in this case had not raised the taking issue in his administrative appeal, the principle of claim preclusion would have prevented him from claiming an unconstitutional taking in a subsequent civil action for damages. See *Duhaime* v. *American Reserve Life Ins. Co.,* 200 Conn. 360, 364, 511 A.2d 333 (1986). The administrative appeal would have afforded the plaintiff a constitutionally appropriate remedy, if a taking had been

The judgment is affirmed.

In this opinion the other justices concurred.

established, because the trial court could have sustained the appeal or the defendant zoning board of appeals could have been ordered to grant the plaintiff's application for a variance. There is no constitutional right to damages per se.