[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#119)
CT Page 1940
ISSUE
Should the defendant's motion for summary judgment as to the plaintiffs' complaint be granted on the ground that all counts of the plaintiffs' complaint are barred by the doctrine of res judicata and/or collateral estoppel.
FACTS
On May 19, 1993, the plaintiffs filed an amended complaint in the present action setting forth four counts against the defendant, New Milford Savings Bank, as follows: (1) breach of an oral agreement wherein the defendant agreed that the foreclosure would be a "friendly foreclosure" and that the bank would not seek a deficiency judgment, and breach of an agreement not to bid or sell the property for less than market value, thereby creating a deficiency; (2) breach of the covenant of good faith and fair dealing; (3) violation of Connecticut Unfair Trade Practices Act ("CUTPA"); and (4) fraudulent inducement. On May 9, 1994, the defendant filed a request to amend its answer. The amended answer set forth the following special defense: "The claims asserted by the plaintiff have already been resolved by this court in a companionized matter between the same parties entitled, NewMilford Savings Bank v. Jessica A. Melief, et al., CV-90-0054940-S." The plaintiff objected to the request to amend but the court, Pickett, J., overruled the objection. The plaintiff thereafter filed a reply denying the special defense.
The court will set forth the procedural background of the companionized foreclosure case to enable it to explain the factual predicate of the defendant's special defense and to allow it to articulate why summary judgment is appropriately granted.
A foreclosure action was commenced by the defendant to foreclose a note and mortgage executed by the plaintiffs. The defendant moved for a strict foreclosure. A subsequent purchaser, however, moved for foreclosure by sale. (Defendant's Exhibit 2, pp. 18-19). Mr. Melief, who appeared pro se in the foreclosure action, did not attend the hearing. (Defendant's Exhibit 3 Trial Transcript dated April 20, 1994, p. 99). Counsel for the bank contacted Mr. Melief either the same day or the next day to inform Mr. Melief that a foreclosure by sale was ordered by the CT Page 1941 court. (Defendant's Exhibit 3 Trial Transcript dated April 20, 1994, pp. 47-48). The foreclosure file contains a judgment of foreclosure by sale dated April 22, 1991, with a notation that notice was sent to all parties on April 23, 1991, just one day after the foreclosure by sale was ordered. Mr. Melief then hired counsel who admitted that Mr. Melief knew that the court, Dranginis, J., ordered a foreclosure by sale the day it was ordered. (Defendant's Exhibit 4 Trial Transcript dated April 21, 1994, p. 74).
At the foreclosure sale, the defendant was the successful bidder on the property. (Defendant's Affidavit[1] and Exhibit 2 at p. 25). According to the Report of the Committee which is attached as Exhibit 2 to the defendant's motion for summary judgment, approximately eighteen persons attended the sale, of whom two placed bids. The opening bid was $1,000 and Brian Arnold, then President of New Milford Savings Bank, made the second and final bid of $200,000. (Defendant's Exhibit 2 p. 30).
The defendant filed a motion for deficiency judgment on August 22, 1991, which was granted by this court, Walsh, J., on April 24, 1994, after a two day hearing on the plaintiffs' objection to the motion for deficiency judgment. (Defendant's Exhibit 2, pp. 47-48). The plaintiffs' objection to the motion for deficiency judgment stated the following grounds: "(1) The defendant [plaintiffs in the present action] did not contest the foreclosure action nor the foreclosure by sale on the basis that the Plaintiff's [defendant in the present action] counsel agreed that this would be a "friendly foreclosure" and that the Plaintiffs would not seek a deficiency judgment. (2) The Plaintiffs should be subject to Section 49-28 of the Connecticut General Statutes due to the fact that they failed to file an objection to Defendant Bruce B. Bennett's Motion for Foreclosure By Sale dated May 22, 1991. (3) The Plaintiffs, due to their actions, are estopped from claiming a deficiency judgment." (Defendant's Exhibit 2, p. 49).
As set forth in the memorandum of decision granting the motion for deficiency judgment, the issue contested and litigated was whether an oral contract for a friendly foreclosure existed between the plaintiffs and the defendant, as well as the other two issues raised in the objection and set forth above. This court, upon the evidence presented, concluded that no oral contract existed and that the defendant was entitled to a deficiency judgment: "The outcome of this case depends even more CT Page 1942 than usual upon the court's evaluation of the credibility of the witnesses. Having done this, the court finds that the defendants have not sustained their burden of proving by a fair preponderance of the evidence that either the plaintiff or its agents or representatives agreed that this foreclosure would be a "friendly foreclosure" or that the plaintiff would not seek a deficiency judgment. Whatever actions the defendant did or did not take, cannot reasonably be attributed to any representations made to them by the plaintiff or its agents." New Milford SavingsBank v. Melief, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 054940 (April 25, 1994, Walsh, J., aff'd 38 Conn. App. 906, ___ A.2d ___, cert. denied 235 Conn. 910, ___ A.2d ___ (1995)).
On July 25, 1995, the defendant filed a motion for permission to file summary judgment in the present action. The motion for summary judgment and supporting memorandum were filed with the court on November 13, 1995. On November 27, 1995, the court, Pickett, J., granted the defendant's motion for permission to file summary judgment.[2]
The defendant argues that summary judgment is appropriate in cases such as this because there is no genuine issue of fact with regard to the defendant's special defense of claim preclusion because the gravamen of each and every count of the plaintiff's complaint was either fully and finally litigated, or could have been litigated, in the foreclosure action. In support of the motion for summary judgment the defendant has submitted the required memorandum of law as well as exhibits, including an affidavit of Joseph P. Secola, this court's April 24, 1994 Memorandum of Decision, the Appellate Court record and the transcripts of the hearing on the plaintiffs' objection to the motion for deficiency judgment.
The plaintiffs, on the other hand, argue that the gravamen of the second, third and fourth counts are a breach of good faith and fair dealing and unfair trade practices.[3] In support of their objection to the defendant's motion for summary judgment, the plaintiffs filed a memorandum, an affidavit signed by Attorney David F. Bennett, a copy of this court's April 24, 1994 Memorandum of Decision, a claim for the civil trial list, oaths of appraisers, a copy of the judgment by foreclosure issued by Dranginis, J., and a copy of the report of the committee.
DISCUSSION
CT Page 1943
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994), quoting Practice Book § 384. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). "A `material fact' has been defined adequately and simply as a fact which will make a difference in the result of a case." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 379, 260 A.2d 596 (1969).
The moving party "has the burden of showing the absence of any genuine issue as to all material facts which, under the applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 105. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The test is whether a party would be entitled to a directed verdict on the same facts." Id., 105-06.
"A motion for summary judgment shall be supported by such documents as may be appropriate, including . . . affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book Sec. 380. "[M]ere conclusions are insufficient as is evidence which would be inadmissible upon the trial, such as hearsay." Farrell v.Farrell, supra, 182 Conn. 39.
"Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata." Jackson v. R.G.Whipple Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993).
I. First, Third and Fourth Counts of Plaintiffs' Complaint
The first count of the plaintiffs' complaint alleges in pertinent part:
7. The Plaintiffs fell behind on their mortgage payments as CT Page 1944 of May 1, 1990 and entered into an oral agreement with the Defendant to arrange for a "friendly" foreclosure, that is, a foreclosure without any deficiency judgment.
 8. In discussions with the Defendant's officers and the Defendant's attorney, the Plaintiffs agreed to allow the Defendant to foreclose on the property on such basis.
 17. The acts of the Defendant, . . . constitute a breach of its oral agreement with the Plaintiffs, including but not limited to, in one or more of the following ways:
 a. in that it breached its agreement with the Plaintiffs that there be a "friendly" foreclosure, where no deficiency judgment would be sought by moving for a strict foreclosure;
 b. in that it breached it agreement with the Plaintiffs that there be a "friendly" foreclosure, where no deficiency judgment would be sought by bidding less than the debt at the foreclosure sale and thereby creating the deficiency;
 c. in that it breached it agreement with the Plaintiffs that there be a "friendly" foreclosure, where no deficiency judgment would be sought by moving for a deficiency judgment after the foreclosure sale;
 d. in that it breached its agreement with the Plaintiffs by bidding less than the market value of the property, as testified to by its own appraiser, it created its own shortfall and exposed the Plaintiffs to a possible deficiency judgment;
 e. in that it breached its agreement with the Plaintiffs by selling the property for less than market value.
The third count of the plaintiffs' complaint alleges that the defendants engaged in unfair trade practices. This count realleges paragraphs 1 through 16 of the first count, two of which are set forth in detail above, and goes on to state in pertinent part:
18. The Defendant, . . . violated the Connecticut Unfair CT Page 1945 Trade Practices Act, Connecticut General Statutes Section 42-100, et seq., in one or more of the following ways:
 a. in that it breached its agreement with the Plaintiffs that there be a "friendly" foreclosure, where no deficiency judgment would be sought by moving for a strict foreclosure;
 b. in that it breached it agreement with the Plaintiffs that there be a "friendly" foreclosure, where no deficiency judgment would be sought by bidding less than the debt at the foreclosure sale and thereby creating the deficiency;
 c. in that it breached it agreement with the Plaintiffs that there be a "friendly" foreclosure, where no deficiency judgment would be sought by moving for a deficiency judgment after the foreclosure sale;
 d. in that it breached its agreement with the Plaintiffs by bidding less than the market value of the property, as testified to by its own appraiser, it created its own shortfall and exposed the Plaintiffs to a possible deficiency judgment;
 e. in that it breached its agreement with the Plaintiffs by selling the property for less than market value.
The fourth count of the plaintiffs' complaint alleges fraudulent inducement setting forth the following pertinent allegations:
 9. The Defendant's officers and agents intended to seek a deficiency judgment at the time of the oral agreement between the parties.
 10. The Defendant's officers and agents made representations to the Plaintiffs that there be no deficiency judgment to induce the Plaintiffs to not contest the foreclosure action.
 18. The acts of the Defendant, . . . constitute a fraudulent. inducement to the Plaintiffs to not contest the Defendant's foreclosure action, including but not limited to, in one or CT Page 1946 more of the following ways:
 a. in that the Defendant, . . . made false representations to the [Plaintiffs] concerning its intention to seek a deficiency judgment;
 b. in that the Defendant made these representation intending that the Plaintiffs rely on them;
 c. in that the Plaintiffs did rely on the [Defendant's] representations and did not contest the [Defendant's] foreclosure action;
 d. in that by bidding less than the market value of the property, . . . the Defendant deliberately created its own shortfall and exposed the Plaintiffs to a possible deficiency judgment;
 e. in that the Defendant deliberately breach its agreement with the Plaintiffs that there be a "friendly" foreclosure, where no deficiency judgment would be sought by moving for a deficiency after the foreclosure sale.
"[T]he terms res judicata and collateral estoppel refer to the concepts of claim preclusion or issue preclusion respectively. Both claim preclusion and issue preclusion express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. . . . Although claim preclusion and issue preclusion often appear to merge into one another in practice, analytically they are regarded as distinct. [C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . [I]ssue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit." (Citations omitted; internal brackets omitted; internal quotation marks omitted.) Jackson v.R.G. Whipple, supra, 225 Conn. 712, 713.
"Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." Id., 714.
Claim preclusion . . . and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal CT Page 1947 doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved." Scalzo v. Danbury,224 Conn. 124, 127, 617 A.2d 440 (1992). "The preclusive effect of these two doctrines, however, is substantially different. [C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . (Citations omitted; internal quotation marks omitted.) Advest, Inc. v. Wachtel,235 Conn. 559, 565, ___ A.2d ___ (1995).
"[I]ssue preclusion prevents a party from relitigating an issue that has been determined in a prior suit. . . . In determining which principle applies — claim preclusion or issue preclusion — we must examine what was actually decided when . . . judgment was rendered . . . in the prior action." (Citations omitted; internal quotation marks omitted.) Advest, Inc. v.Wachtel, supra, 235 Conn. 565-66. Having thoroughly examined what was "actually decided" in the foreclosure litigation, the court finds that issue preclusion applies to the first, third and fourth counts of the plaintiffs' complaint.
"Collateral estoppel, or issue preclusion, derived from the doctrine of res judicata, prohibits subsequent litigation of a different cause of action involving issues determined in a former action between the parties. . . . For a party to use the doctrine of collateral estoppel with success, three requirements must be met. The issue must have been fully and fairly litigated in the first action, it must have been actually decided, and the decision must have been necessary to the judgment. . . . The principles of collateral estoppel always apply where both of the parties in the second action were present in the first action. . . ." (Citations omitted; internal quotation marks omitted.) Busconi v. Dighello,39 Conn. App. 753, 767-68, ___ A.2d ___ (1995). "[C]ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim. . . ." (Citations omitted.) Weiss v. StatewideGrievance Committee, 227 Conn. 802, 818, 633 A.2d 282 (1993).
A thorough review of the defendants' (plaintiffs in this action) objection to the motion for deficiency judgment in the foreclosure action including the trial transcripts, this court's memorandum of decision and the plaintiffs' complaint in the present action, reveals that the issue in both actions is the same. The Meliefs claimed in the foreclosure action that they did not contest the foreclosure action nor the foreclosure by sale because counsel CT Page 1948 for the New Milford Savings Bank agreed that the foreclosure would be a "friendly foreclosure" and that the bank would not seek a deficiency judgment. The issue that is central to the plaintiffs' claims in the present action is whether there was an oral agreement wherein the defendant agreed that the foreclosure would be a "friendly foreclosure" and that the bank would not seek a deficiency judgment and whether, if such an agreement existed, the defendant breached the agreement. The claims set forth in counts one, three and four of the plaintiffs' complaint all arise with respect to the same issue. Therefore, collateral estoppel and not res judicata applies to the present action.
In the present case, the issue of whether there was an agreement between the parties wherein the defendant agreed that the prior foreclosure action would be a "friendly foreclosure" and that the defendant would not seek a deficiency judgment has been "fully and fairly litigated in the first action, it [was] actually decided, and the decision [was] necessary to the judgment."Busconi v. Dighello, supra, 39 Conn. App. 767-68. In addition, "both of the parties in the second action were present in the first action. . . ." and collateral estoppel therefore applies. (Citations omitted; internal quotation marks omitted.) Busconi v.Dighello, supra, 39 Conn. App. 767-68.
The plaintiffs argue that the claims set forth in the third and fourth count do not hinge upon the existence or non-existence of an oral agreement. The court finds this argument without merit. In New Milford Savings Bank v. Roina, 38 Conn. App. 240,659 A.2d 1226 (1995), the plaintiff bank brought an action to foreclose a mortgage on certain real property owned by the defendants. A counterclaim was filed by the defendants wherein they alleged "breach of an oral agreement, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty and violation of (CUTPA), General Statutes 42-110a et seq." Id., 242. The trial court severed the actions and the foreclosure proceeded to judgment of foreclosure by sale. Id. Thereafter, the court "granted the plaintiff's motion for summary judgement on the defendants' counterclaim." Id. The granting of the motion for summary judgment was upheld on appeal. Id., 246. The court stated: "There is no dispute that the first count [breach of an oral agreement to lend money] provides the factual predicate for the remaining counts of the counterclaim. If, in fact, there was no oral agreement . . . , or if there was no genuine issue before the trial court regarding the existence of an oral agreement, summary judgement was proper as to all counts of the counterclaim." Id., 243 n. 2. CT Page 1949 Although the court in New Milford Savings Bank v. Roina, was not faced with deciding whether a claim is precluded by collateral estoppel or res judicata, it is clear from the decision that the counts would fail absent the oral agreement because the oral agreement was central to the other claims presented.
In the present case there is no genuine issue of material fact with regard to the oral agreement. This court has already determined that such an agreement did not exist. In fact, this court specifically found "that the defendants [plaintiffs in the present action] [did] not sustain their burden of proving by a fair preponderance of the evidence that either the plaintiff [defendant in the present action] or its agents or representatives agreed that this foreclosure would be a "friendly foreclosure" or that the plaintiff [New Milford Savings] would not seek a deficiency judgment. Whatever actions the [Bank] did or did not take, cannot reasonably be attributed to any representations made to them by the [Bank] or its agents." New Milford Savings Bank v. Melief, supra. As in New Milford Savings Bank v. Roina, supra, the oral agreement provides the factual predicate for the remaining claims and thus, the plaintiffs are precluded from relitigating the claims.
Collateral estoppel precludes the plaintiffs from relitigating issues and facts set forth in the first, third and fourth counts of the amended complaint because the issues and facts were actually and necessarily determined in the foreclosure action. The defendant's motion for summary judgment on the first, third and fourth counts of the plaintiffs' complaint is granted.
II. Second Count of Plaintiffs' Complaint
The second count of the complaint alleges a breach of the covenant of good faith and fair dealing. The allegations of the complaint are, in pertinent part, as follows:
 11. At the foreclosure sale, the Defendant did not bid the amount of the debt . . . or the market value of the property . . . but only bid $200,000 thereby intentionally creating a potential deficiency judgment on the debt in excess of $85,000.00.
 12. At all times herein the Defendant, . . . owed a duty of good faith and fair dealing to the Plaintiffs, . . . with respect to the aforesaid Note and Mortgage Agreement. CT Page 1950
 13. The acts of the Defendant, . . . constitute a breach of its duty of good faith and fair dealing, including but not limited to one or more of the following ways:
 a. in that bidding only $200,000.00 for the property at the foreclosure sale, it bid less than the market value of the property ($280,000.00), as testified to by its own appraiser thereby creating its own shortfall and exposing the Plaintiffs to a possible deficiency judgment;
 b. In that by bidding only $200,000.00 for the property at the foreclosure sale, it bid less than the outstanding debt owed by the Plaintiffs ($285,812.59), thereby creating its own shortfall and exposing the Plaintiffs to a possible deficiency judgment.
Just as in the first, third and fourth counts, the question in the second count, whether the defendant breached a covenant of good faith and fair dealing, hinges on whether the defendant agreed that the foreclosure would be a "friendly one" and that it would not seek a deficiency judgment. Therefore, as in those counts, collateral estoppel precludes the plaintiffs from relitigating those issues, because the issues and facts were actually and necessarily determined in the foreclosure action.
The defendant's motion for summary judgment on the second count is likewise granted.
The fact that the plaintiffs' motion to consolidate the two cases was denied, is irrelevant in light of the court's determination that collateral estoppel bars relitigation of the issues.
RICHARD A. WALSH, J.