[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This an administrative appeal from a decision of the defendant Commissioner of Motor Vehicles requiring the plaintiff, Ike's Auto Body, Inc. to construct a solid, eight foot high fence around the entire perimeter of its premises located at 225 North Goshen Road, Goshen. Said decision was issued on October 11, 1995, by Attorney Sharon Madden, Hearing Officer, following a hearing held on August 2, 1995.
The following facts are found:
In 1958, a junkyard was started on the site currently occupied by Ike's Auto Body, Inc., the subject of the instant case. (Record Item #1, transcript at 37). That junkyard was purchased on or about 1962 by Harold Jasch, and operated under the name Goshen Auto Parts. (Id., at 62). At that time there was no fence around the junkyard. (Id.).
In order for Mr. Jasch to obtain a license, the Department of Motor Vehicles required the erection of a fence around the entire perimeter of the site. (Id. at 63). A fence was erected by Mr. Jasch, of solid wood, to a height of seven or eight feet. (Id.) In 1965, the junkyard was sold to Ike's Auto Body, Inc. (Id. at 62). The fence around the perimeter of the junkyard was in existence at the time of that sale. (Id., at 63).
A junkyard license was applied for by Ike's Auto Body, Inc., in 1965. (Record Item #5; State's Exhibit D; Record Item #16; Respondent's Exhibit #7; Transcript, at 14-15, 31-32). The location was approved by the Town of Goshen pursuant to Section 46-56 of the General Statutes Revisions of 1949, on April 13, 1965. (State's Exhibit D; Respondent's Exhibit #7.) The application was approved on June 4, 1965 by the Department of Motor Vehicles. (Id.) As State's Exhibit D demonstrates, the existence of the fence was an integral part of the Department's approval. CT Page 4250
An inspection of the premises on April 4, June 21, and July 31, 1973 indicated the absence of a fence as required by Conn. Gen. Stat. § 21-22a. (State's Exhibit D). A hearing was held on November 27, 1973, which resulted in a ruling against Ike's Auto Body, Inc. and an order to construct a fence. (Record Item #3; State's Exhibit B). An appeal was taken on June 21, 1974, but it was subsequently withdrawn. (Id). The plaintiff complied with the orders of the Department; by November 1974, the fence was complete. (Id.).
On September 21, 1994, a written complaint was filed by Marie Kearns, complaining about, inter alia, the lack of fencing around the junkyard. (Transcript at 11; Record Item #10; Respondent's Exhibit #1.[1] A preliminary inspection conducted by the defendant September 28, 1994 found no fence present. (Transcript, at 11). A final inspection conducted on June 14, 1995 confirmed the absence of a fence. (Id., at 12-13; Record Item #4; State's Exhibit C).
A notice of hearing was sent on June 30, 1995 to the plaintiff, among others, for a hearing to be held on August 2, 1995. (Record Item #2; State's Exhibit A). Said hearing was held, as scheduled, before Attorney Sharon Madden, Hearing Officer. By decision dated October 11, 1995, the hearing officer found against the plaintiff and ordered the construction of a solid, eight-foot high fence, consistent with the intent of Conn. Gen. Stat. § 14-67r and in conformance with Section 14-67g-14 of the Department of Motor Vehicles Regulations. (Record Item #21; Decision). That decision is the subject of this appeal.
 I
The issue of whether a fence was required around Ike's Auto Body, Inc., the plaintiff in the instant case, was litigated before the Department of Motor Vehicles in 1974, pursuant to Conn. Gen. Stat. § 21-22a. (State's Exhibit B.)[2] A judgment was rendered against Ike's Auto Body, Inc. and an appeal was taken to the superior court. (Id.) The appeal was withdrawn, and by November 13, 1974, the plaintiff had complied with the order to construct a fence. (Id.)
 Claim preclusion, sometimes referred to as res judicata, and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote CT Page 4251 judicial economy by preventing relitigation of issues or claims previously resolved. State v. Ellis, 197 Conn. 436, 466, 497 A.2d 974 (1985). Scalzo v. Danbury, 224 Conn. 124, 127, 617 A.2d 440 (1992). Under Connecticut law, [c]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . . The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. (Citations omitted; internal quotation marks omitted.) Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991). (Emphasis added.) Mulligan v. Rioux. 229 Conn. 716, 751, 643 A.2d 1226 (1994).
Commissioner of Motor Vehicles v. DeMilo and Co., Inc., 233 Conn. 254,267, 659 A.2d 148, 156 (1995). (Emphasis in original).
Under the circumstances, it is clear that the same parties, Ike's Auto Body, Inc. and the State of Connecticut, litigated the same issue, the erection of a fence around the perimeter of the premises, previously, pursuant to the same statute, Conn. Gen. Stat. § 21-22a, transferred to Conn. Gen. Stat. § 14-67r
in 1981. Any issue with respect to the alleged grandfathering of the fence requirement either was, or could have been addressed in 1974. The plaintiff could have properly attacked the Commissioner's 1974 order by pursuing their appeal to the superior court. Failure to pursue the appropriate appeal militates against an opportunity to relitigate the issue now.U.S. Trust Co. v. Bohart, 197 Conn. 34, 41, 495 A.2d 1034, 1037
(1985). Thus, the hearing officer properly concluded that the issue was settled and should not be relitigated.
 II
The plaintiff incorrectly characterizes the junkyard in question as existing in 1959 when Conn. Gen. Stat. § 14-67r, formerly § 21-22a was enacted. In fact, twice subsequent to 1959, the property was licensed as a junkyard to new owners: in 1962, as Goshen Auto Parts, (Transcript, at 62-63) and in 1965, CT Page 4252 as Ike's Auto Body, Inc. (State's Exhibit D; Respondent's Exhibit 7; Transcript, at 14, 31-32).
The junkyard, as it exists today, did not exist until 1965, when Ike's Auto Body, Inc. was licensed. Each time a junkyard is sold, transferred or conveyed, the license is revoked. Conn. Gen. Stat. § 14-67o.[3] To get a license, the new owner/applicant must go through the entire process. See, Reg. Conn. Agencies, Section 14-67q-15.[4] At the time Ike's Auto Body was issued the license they were subject to all requirements as they existed at the time of issuance, including the fence requirement of Conn. Gen. Stat. § 14-67r.
 III
This is an administrative appeal of a decision of the Commissioner of Motor Vehicles, and as such, is governed by the provisions of Chapter 54, Sections 4-166 and 4-189, inclusive of the Connecticut General Statutes. Conn. Gen. Stat. § 4-177
provides in relevant part:
 "(a) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice.
 (b) The notice shall be in writing and shall include: . . . (3) a reference to the particular sections of the statutes and regulations involved;"
The notice of hearing in the case stated under "Facts or Conduct Warranting Suspension or Revocation of License," inter alia:
 1. It is alleged that Ike's Auto Body, Inc., "hereinafter licensee", violated Section 14-67r of the Connecticut General Statutes on or about June 5, 1995, in that said licensee failed to maintain the solid eight (8) foot fence surrounding the licensed location as required by this statute.
Conn. Gen. Stat. § 14-67r states:
 Fencing. Each new location of a motor vehicle junkyard shall be completely surrounded with a solid fence at least eight feet high with a suitable gate which shall be closed and locked except during the working CT Page 4253 hours of such junkyard. All unregistered motor vehicles, used parts, old iron, metal, glass, paper, and any other material which may have been parts of such vehicles shall be enclosed within this location. Any dismantling of material or cutting up of parts of such vehicles must be carried on within this enclosure.
The hearing notice fully stated that the issue was the absence of a fence as required by Conn. Gen. Stat. § 14-67r. The statute is more detailed in the purpose and function of the fence than the underlying regulation. See, Reg. Conn. Agencies, §14-67q-14.
A fence made of trailer's bodies, buses and old tires, (Transcript, at 21-22, 24, 30), does not, as the hearing officer held, "meet the intent or the spirit of the law." The statute intended that that fence enclose the junkyard; to create a fence of the very materials to be enclosed by the fence cannot be held to comply with the statutory requirements.
The notice was adequate and detailed to apprise the plaintiff that the issue was the lack of compliance with the fence requirement of Conn. Gen. Stat. § 14-67r.
The hearing officer acted properly in determining that the contemplated fence did not comply with the requirements of Conn. Gen. Stat. § 14-67r, in that it would be constructed of the very materials that it is to enclose.
For the reasons set forth, the defendant's decision was not arbitrary or capricious or in abuse of its discretion or in violation of law. The court therefore dismisses the plaintiff's appeal.
PICKETT, J.