[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' ORDER TO SHOW CAUSE WHY A TEMPORARY INJUNCTION SHOULD NOT BE ISSUED AGAINST THE NAMED DEFENDANT
The plaintiffs have filed an application for temporary injunction dated January 18, 2000. The application for temporary injunction dated January 18, 2000 alleges as follows:
 Whereas, upon application of the Plaintiffs, it appears that an order should be issued directing the Defendant, Joseph Dimyan, in this action to appear before the court to show cause why a temporary injunction should not issue.
 Now therefore it is ordered that Defendant, Joseph Dimyan, be summoned to appear before the Superior Court for the Judicial District of Danbury in the Courthouse at 146 White Street, Danbury, Connecticut, in Courtroom ___ on ___ at ______ then and there to show cause why a temporary injunction should not issue against him as prayed for in the foregoing complaint and application.
The first count of the nine count complaint alleges as follows:
 1. The Plaintiffs brought suit against Joseph Dimyan as William H. Honan et al. v. Joseph Dimyan et al., CV90 301879.
 2. Such suit was meritorious, on the facts and the law, the Plaintiffs should have prevailed on all counts.
 3. Hon. Edward F. Stodolink presided over the jury trial in the said suit, referred to hereinafter as "Honan I."
 4. Although the Plaintiffs moved for Judge Stodolink's disqualification on grounds of actual bias, the judge denied the motion.
 5. At the time, Judge Stodolink possessed a deep and pernicious bias against Plaintiffs and their counsel, the undersigned, such that he should have disqualified himself from the trial.
 6. Proceedings at trial and outside of Court, before, during and after trial, were fatally tainted as a direct consequence of Judge Stodolink's prejudice and, as a consequence, CT Page 1673 Plaintiffs were deprived of their Constitutional right to have their case heard before an impartial tribunal.
 7. More than two years after the conclusion of the jury trial, Judge Stodolink swore under oath that at the time the Plaintiffs moved for his disqualification, he possessed actual bias and prejudice against Plaintiffs' counsel; he admitted to such serious bias that he further swore that he would not in the future preside over another matter involving Plaintiffs' counsel.
 8. Judge Stodolink's actual bias affected his rulings and conduct before, during and after the trial and prejudiced the jury against the Plaintiffs.
9. The jury returned a Defendants' verdict.
 10. Plaintiffs appealed to the Appellate Court, which dismissed their appeal.
 11. Plaintiffs' petitioned the Supreme Court for certification to appeal; the Supreme Court denied the petition, with one justice favoring granting the petition.
 12. Wherefore, Plaintiffs' request that the Court, sitting as a court of equity, enjoin enforcement of the judgment in "Honan I" and order a new trial before an impartial tribunal.
The prayer for relief in the complaint is as follows:
 1. That enforcement of the judgment in Honan v. Dimyan, CV90 301879 be enjoined and restrained and a new trial ordered;
 2. That Defendant Dimyan be enjoined and restrained from prosecuting the suit entitled Dimyan v. Burton, et al., Return Date December 28, 1999;
 3. That Plaintiffs be awarded damages, punitive damages, attorney's fees and costs;
4. That the Court enter such other relief as is appropriate.
The practical effect of the granting of the temporary injunction requested in this action would be to enjoin and restrain the prosecution of the suit entitled Dimyan v. Burton,CT Page 1674et al., return date December 28, 1999.
The reference in this ruling to "Honan I" is to Honan v.Dimyan, et al., CV90 301879.
This court has reviewed the issues briefed by the plaintiffs in the appeal to the Appellate Court. In part 5 of their brief in the appeal to the Appellate Court is captioned "Judge Stodolink committed clear error in denying the plaintiffs' motion for new trial based on the extraordinary misconduct displayed throughout the trial by Judge Stodolink and defense counsel Maxwell." The arguments raised by the plaintiffs under the above claim included Attorney Burton's claim that she was intimidated by a now deceased attorney trial referee as well as by a dog who was present during the alleged in chambers intimidation. She claimed that another judge, who was not the trial judge, merely being present in the courtroom during the trial, deprived her of a fair trial. She claimed that she was deprived of a fair trial because she discovered defense counsel speaking into a cellular phone during the luncheon recess. She claimed that she was deprived of a fair trial because a Danbury prosecutor and members of his staff and uniformed court security personnel were in the courtroom during the trial. In addition, she made the following claims against Judge Stodolink: (1) he denied a hearing on the plaintiffs' motion for mistrial concerning defense counsel allegedly talking to another judge; (2) he was wrong to accept assignment of this trial because he bears a serious animus against the Honan family and he was stung by a petition to the Supreme Court requesting that he be investigated for creating the stark appearance of judicial corruption. He stated that he did not file a grievance complaint against the plaintiffs' counsel based on her petition to the Supreme Court so that he could continue to hear cases involving undesigned. In open court, on April 7, 1997, Judge Stodolink denied making the statement.
She claimed that Judge Stodolink reserved particular punishment for the senior Burtons. She claimed that Judge Stodolink permitted defense counsel to go unsanctioned for allegedly lying to the court and for his outrageous behavior in turning off the lights at his law office at a deposition. She claimed that he permitted defense counsel to turn his back to the jury as he whipped our a weapon-like device to cut pages from a magazine that defense counsel or a compatriot apparently stole from the Fairfield public library. She claimed that time after time Judge Stodolink erroneously ruled to the plaintiffs' prejudice. In CT Page 1675 summary, in arguing for a new trial, Attorney Burton claimed misconduct by the trial judge; misconduct by defense counsel; misconduct by a deceased attorney trial referee; misconduct by a dog; misconduct by a prosecutor and members of his staff; and uniformed court security personnel, by being in the courtroom. It would appear that the only courthouse personnel that Attorney Burton did not blame for losing the trial were members of the clerk's office, public defender's office, and maintenance staff, and that the only persons who were directly involved in the trial that she did not blame for losing the trial were members of the jury, her own clients or herself.
In addressing the above litany of claims, the Appellate Court in Honan v. Dimyan, 52 Conn. App. 123 (1999) stated in part as follows:
 In their appellate brief, the plaintiffs recite a hodgepodge of at least twelve specific instances of purported misconduct and procedural irregularity. These claims are largely unsupported by analysis or legal authority. In fact, while many of the specific instances cited occurred outside the presence of the jury, some occurred outside the courthouse itself. The plaintiffs' claim that this conduct "was so prejudicial as to have deprived [them] of a fair trial." After an examination of the specific instances cited, however, we cannot say that the plaintiffs were denied a fair trial.
The Appellate Court's decision also upheld all of the rulings made by Judge Stodolink that were raised on appeal by Attorney Burton.
In the face of the Appellate Court ruling, Attorney Burton on behalf of the plaintiffs now request that the court sitting as a court of equity enjoin enforcement of the judgment in "Honan I" and order a new trial before an impartial tribunal. In Advest,Inc. v. Wachtel, 235 Conn. 559 (1995), the court at page 565-66 stated in part as follows:
 The term "res judicata" is often employed to refer to the related doctrines of claim preclusion and issue preclusion. 1 Restatement (Second), Judgments, p. 131 (1982); F. James G. Hazard, Civil Procedure (3d Ed. 1985) § 11.3. "Claim preclusion . . . and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues CT Page 1676 or claims previously resolved." Scaizo v. Danbury, 224 Conn. 124, 127, 617 A.2d 440 (1992). The preclusive effect of these two doctrines, however, is substantially different. "[C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits."[5] (Internal quotation marks omitted.) Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988). "[I]ssue preclusion prevents a party from relitigating an issue that has been determined in a prior suit." (Internal quotation marks omitted.)
 [5] In determining whether the judgment is on the same claim, we have adopted the transactional test as follows: "The Restatement (Second), Judgments provides, in § 24, that the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a `transaction,' and what groupings constitute a `series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. In amplification of this definition of `original claim,' § 25 of the Restatement (Second) states that [t]he rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action." (Internal quotation marks omitted.) Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 364-65, 511 A.2d 333 (1986). [Emphasis provided.]
The "Honan I" case is over with. The plaintiffs in that case lost in the trial before the jury. They lost in their case to the Appellate Court. The issues that Attorney Burton now seeks to raise in the order to show cause for temporary injunction are res judicata and cannot be raised again. If given the opportunity to do so as part of the request for temporary injunction, Attorney Burton would again seek to attack Judge Stodolink and to collaterally attack the jury verdict. She does not have the right to do so, and this court will not her a forum to do so. Parties do not have the right to take over the court system to continually relitigate issues that have been decided against CT Page 1677 them. It would be a total waste of time to grant the plaintiffs' order to show cause to set a hearing on the plaintiffs' request for temporary injunction when there is no factual or legal basis upon which the temporary injunction would be granted. Further, there is nothing in the allegation of Count 1 in the plaintiffs' request for temporary injunction that demonstrates that the plaintiffs would suffer irreparable harm if the temporary injunction were not granted.
Finally, even if it is to be assumed that the plaintiffs in the present action have the right to raise the allegations that they seek to raise in Count 1, the application for temporary injunction is the wrong procedure to follow. An injunction action should not be entertained if there is pending, at the time of the commencement of the injunction action, another action or proceeding to which the same persons are parties, in which are involved or may be adjudicated the same identical issues that are involved in the injunction action. If it were not for that rule, almost any pending action could be interrupted and held at bay until the determination, in one or more subsequently instituted injunction actions, of issues culled out of the pending action. Such a procedure would be intolerable in view of the present crowded condition of our trial court dockets. It would be entirely contrary to the modern concept which favors the determination of related matters in a single action. See Redmondv. Matthies, 149 Conn. 423 (1962), 180 A.2d 639.
For all of these reasons, both individually and collectively, the order to show cause why a temporary injunction should not issue is denied without a hearing.
Axelrod, J.