[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: HEARING IN DAMAGES AFTER SUNMARY JUDGMENT
The plaintiff brings this action in two counts, the first is damages for the breach of a post-nuptial agreement and the second for repayment of a loan of 300,000 French francs ($60,000.00) The plaintiff and the defendant had been married. The loan had been made prior to the marriage and the post-nuptial agreement subsequent to the marriage in order to determine the rights and obligations of the parties in the event of a separation. The breach of the agreement was alleged to have occurred when the defendant sought dissolution of the marriage and failed to make the payments agreed, obtained alimony and the use of the plaintiff's car and forced the plaintiff to expend money to defend himself in the dissolution action, all in contradiction of the terms of the agreement. The defendant admits the allegations of the agreement but denies its breach and specifically pleads res judicata. The plaintiff then moved for summary judgment on the first count which was granted after his withdrawal of the second count. Now he has claimed a hearing in damages on the summary judgment granted as to the first count.
The evidence produced that the parties were married on December 2, 1991. Both had previously gone through expensive divorce proceedings where the legal fees of each exceeded $40,000.00. In 1994, when her father became ill, she decided to return to France to be with him. There were problems in the marriage and to avoid expensive legal fees in an impending dissolution, they entered into a separation agreement.Plaintiff's Exhibit 1. The plaintiff testified that under the agreement she was to pay him 50,000 French francs by August 31, 1994 which she did but has failed to pay the further sum of 90,000 French francs by August 31, 1995 which she had promised. See Plaintiff's Exhibit 1, para. 13,Brokerage Account. He stated that he obtained funds from another of their accounts to pay the sum down to a $13,905.50 balance which is still owed by her.
He further testified that, despite the terms of the agreement, she CT Page 16503 pursued alimony, counsel fees, and division of property including his property at 680 Spring Street, Manchester, Plaintiff's Exhibits 2, 3 and5, and obtained alimony in the total sum of $5,200.00 (see Plaintiff'sExhibit 6) and the use of his automobile (see Plaintiff's Exhibits 7 and9). He valued the car at $5,000.00. The plaintiff retained a lawyer for the anticipated total fee of $7,000.00 and eventually had to pay $40,000.00 because the dissolution resulted in requests for funds which he found necessary to contest to protect his interest. He paid the attorney, who witnessed the separation agreement, $1,500.00 for his testimony during its contest in the dissolution action and he paid over $8,000.00 for eighteen trips from the state of Washington where he was then living for attendance at the dissolution action. He also engaged an expert in this case, Attorney Monica Harper, to explain the services required in his divorce action and the expense of such services in relation to an uncontested dissolution for which service she was paid $1,000.00.
He acknowledged in cross-examination that he discussed with his attorney during the dissolution action the submission of the separation agreement (Plaintiff's Exhibit 1) to the court. He recognized his attorney's signature on Defendant's Exhibit A which contained requests to the court for payment to him from the defendant of her debt to him, the return of alimony paid by him, and payment of attorney's fees as the difference between an uncontested divorce relying on the separation agreement. He was informed of the decision of the dissolution judge (Plaintiff's Exhibits 8a and 8b) and that the court held as invalid the provision of jurisdiction of the Rhode Island court and incorporated other valid provisions as fair and equitable into the court's decree. The court included in said decree the division of the marital property including the transfer of his Ford Taurus car to her and accepted their agreement that no alimony or counsel fees be awarded to either party and that each would be responsible for their own liabilities and hold each other harmless. The plaintiff knew that no appeal was taken from such decree and so stipulated. After the plaintiff concluded his testimony, the defendant was called by the plaintiff as a witness and was not present in court to respond.
Under our statute, a court has an affirmative obligation, in divorce proceedings, to determine whether a settlement agreement is fair and equitable under all the circumstances. G.S. § 46b-66. Hayes v.Beresford, 184 Conn. 558, 567-8. "The presiding judge has the obligation to conduct a searching inquiry to make sure that the settlement agreement is substantively fair and has been knowingly negotiated. . . . With such judicial supervision, private settlement of the financial affairs of the estranged marital partners is a goal that courts should support rather CT Page 16504 than undermine." D'Ascanio v. D'Ascanio, 237 Conn. 481, 484. The dissolution court, although calling the separation agreement "fair and equitable, did not incorporate that agreement by reference into its dissolution judgment. The court failed to provide the debt balance of $13,905.50 as provided in Paragraph 13 of the agreement, nor did it include a provision for reimbursement of the pendente lite alimony payments of $5,200.00 and in fact, in contradiction to the provisions of Paragraph 10 of said agreement, ordered the plaintiff to transfer his 1989 Ford Taurus automobile to the defendant. The plaintiff has failed to ask for an articulation to these items and failed to appeal from the judgment.
Where the parties' agreement is fair and equitable, the court is authorized to incorporate that agreement by reference into its dissolution judgment pursuant to G.S. § 46b-66 and then the agreement survives as a contract. Tremaine v. Tremaine, 235 Conn. 45, 57. Where such an agreement is concealed from the trial judge, it is void and unenforceable. Baker v. Baker, 187 Conn. 315, 322. The court did accept the parties' agreement that neither alimony nor counsel fees were to be awarded to either party. The plaintiff had the opportunity to request counsel fees, the claim he has presented to this court, that his counsel fees had increased because the defendant was not faithful to the separation agreement. The court was aware that the defendant felt that the agreement was no longer fair and equitable to her. See Plaintiff'sExhibit 8a. If the settlement agreement survived the decree granted in the dissolution action as the court in this case apparently found by granting summary judgment in favor of the plaintiff herein, he is collaterally estopped on the issues presented to this court in that they have been fully litigated in the dissolution count. Scalzo v. Danbury,224 Conn. 124, 128.
For the above reasons the court finds the issues presented for damages in favor of the defendant.
___________________ Thomas H. Corrigan Judge Trial Referee CT Page 16505